IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-181-F-1
No. 5:16-CV-69-F

| | |
|---|---|
| CRAIG LEWIS SHAW, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

Petitioner moves the court for relief pursuant to 28 U.S.C. § 2255. [DE 45]. For the reasons set forth below, the court will summarily dismiss Petitioner's motion pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

## I. BACKGROUND

On September 2, 2014, a grand jury returned a three-count indictment charging Petitioner with intent to distribute 28 grams or more of cocaine base (crack), a quantity of cocaine and a quantity of marijuana, 21 U.S.C. § 841(a)(1) (count 1), and two counts of felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924 (counts 2 and 3). On December 1, 2014, Petitioner pled guilty to counts one and three pursuant to a written plea agreement. [DE 24]. On April 29, 2015, the court entered a judgment and sentenced Petitioner to two concurrent terms of 87 months' imprisonment, five years supervised release and a $200 special assessment. [DE 33].

Petitioner appealed his conviction and sentence. *See United States v. Shaw*, 622 F. App'x 274 (4th Cir. 2015). The Fourth Circuit Court of Appeals dismissed petitioner's appeal, stating "we conclude that [Petitioner] knowingly and voluntarily waived his right to appeal his

conviction and sentence" and that the claim Petitioner raises on appeal "clearly falls squarely within the scope of this broad waiver" in a judgment issued on November 19, 2015. *Id.*; [DE 43]. Petitioner did not file a petition for writ of certiorari from the Fourth Circuit's judgment; thus, Petitioner's criminal judgment became final 90 days later on February 17, 2016. Accordingly, the statutory period during which Petitioner can timely file his petition ends on February 17, 2017.[1] Petitioner's motion, filed February 5, 2016, is thus timely. Petitioner asserts ineffective assistance of trial counsel as his sole ground for relief.

## II.  LEGAL STANDARDS

### A.  28 U.S.C. § 2255

Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (stating "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255"). Section 2255 provides a vehicle by which a prisoner under a federal criminal sentence may move the sentencing court to have that sentence vacated, set aside or corrected on grounds that the sentence (1) was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to

---

[1]  The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 establishes a one-year statute of limitations period for § 2255 motions, "running from the latest of" four specified dates. 28 U.S.C. § 2255(f). As in most § 2255 cases, here, the relevant date is "the date on which the judgment of conviction becomes final." *Id.* When a petitioner does not seek certiorari, as here, a federal judgment becomes final, for purposes of the AEDPA's statute of limitations, when the time for filing a certiorari petition expires. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); SUP. CT. R. 13(1), (3) ("[A] petition for a writ of certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment. . . . The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]").

2

collateral attack.[2] 28 U.S.C. § 2255(a).

Rule 4 of the Rules Governing Section 2255 Proceedings ("2255 Rules") requires both a preliminary review of a § 2255 motion and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 2255 Rules, Rule 4(b); *accord* 28 U.S.C. § 2255(b); *see Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (stating "[w]here the files and records *conclusively* show that the prisoner is entitled to no relief, summary dismissal is appropriate") (emphasis in original). Because Petitioner is proceeding *pro se*, the court must construe his motion liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## B. Ineffective Assistance of Counsel

The Sixth Amendment – which extends to the plea-bargaining process[3] – guarantees criminal defendants the right to effective assistance of counsel and exists "in order to protect the fundamental right to a fair trial." *Lockhart v. Fretwall*, 506 U.S. 364, 368 (1993). Sixth Amendment ineffective assistance of counsel claims are examined under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a claim for ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient, and (2) the deficient performance "prejudiced the defense." *Id.*, 466 U.S. at 687-91.[4] "Surmounting

---

[2] The general rule is that a petitioner procedurally defaults on a claim if he neglected to raise it on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). An exception applies, however, when a defendant brings a claim of constitutionally ineffective assistance of counsel. *See id.* (noting it is "preferable" that such claims be considered on collateral review where the record for such claims may be properly developed); *see also United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994).

[3] *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

[4] A court has discretion to dispose of a claim at either prong, as there is no required order to the *Strickland* inquiry. *Strickland*, 466 U.S. at 697 (explaining a court need not "determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "address both components of the inquiry if the defendant makes an insufficient showing on one"). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which . . . will often be so, that course should be followed." *Id.*

3

Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

As to performance, a petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688-89. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id.* at 689; *accord Lawrence v. Branker*, 517 F.3d 700, 708 (4th Cir. 2008) (noting the performance prong is "difficult" to establish).

The prejudice prong is satisfied by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "When a defendant challenges a conviction entered after a guilty plea" – as here – he "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### III. DISCUSSION

As noted, Petitioner's sole ground for relief is that he was provided ineffective assistance by his trial counsel. Liberally construing Petitioner's argument, he appears to challenge counsel's performance regarding potentially exculpatory evidence.

Based on Petitioner's motion, this instant matter originated as a state criminal proceeding. On February 6, 2014, law enforcement officers and federal agents – apparently with the

4

Fayetteville Police Department ("the Department") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") – conducted a search of Petitioner's residence and a storage building. According to Petitioner, in addition to the seizure of drugs, guns and ammunition, "20 thousand dollars' worth of clothes" was also seized. Petitioner provides documentation of the seized clothing in the form of "Property Inventory Receipt[s]" prepared by the Fayetteville Police Department[5] and Form AOC-CR-206 "Inventory of Items Seized Pursuant to Search" filed in Cumberland County, North Carolina. *See* Pet'r's Mot. Exs. B-C [DEs 45-2, 54-3]. The property inventory receipts – each dated February 7, 2014 – identify various retail establishments as "victims." The signed receipts also include the following typewritten statement: "I understand that criminal charges are now pending and these receipted items may be needed as evidence in court; therefore, I will not dispose of this evidence without the authority of the Investigating Officer, Pawn Shop Investigator, or the District Attorney's Office."

Believing he was entitled to the seized clothing, Petitioner requested on an unspecified date that his family visit the Department to retrieve the clothing. The Department advised Petitioner's family, however, that the clothing had been returned to the appropriate retail establishments. After Petitioner's indictment and the court's appointment of a Federal Public Defender in this matter, Petitioner sought counsel's assistance in retrieving the seized clothing items. According to Petitioner, the Department provided counsel with "some receipt" indicating that "the clothes are not to be sold until the case is resolved." Petitioner argues that these inconsistent statements regarding the location of Petitioner's clothing – that is, returning the clothing on the one hand and not releasing them from custody on the other – indicate inconsistencies "with the gun, ammunition and drugs" seized from his premises.

---

[5] Each receipt is dated February 7, 2014.

5

Petitioner also relies on his handwritten letter (dated April 30, 2015) to his counsel, wherein Petitioner advised counsel of his dissatisfaction with counsel's performance in this matter. Relevant here, Petitioner faults counsel for failing "to pursue all avenues of a viable defense, [] including fully investigating matters that . . . exculpate" him and in particular, the existence of corruption. According to Petitioner, "the fact that evidence [i.e., clothing] was taken from police custody and given to proprietors, without proof of ownership, proves that corruption is present in this case." Pet'r's Mot., Ex. A [DE 45-2].

Based on the above factual allegations, it appears Petitioner faults trial counsel for not considering alleged corruption of investigating officers. Petitioner provides no facts, however, linking the alleged improper release of seized clothing from police custody to his vague and conclusory "corruption" claim, let alone explain how his attorney rendered deficient performance in this regard.

Regardless, even if counsel's actions with respect to the seized clothing was unreasonable, Petitioner has not even attempted to show resulting prejudice. In particular, Petitioner must show either that "knowledge of additional information would have led [him] to decline the plea agreement or would have led his attorney[] to recommend that he do so." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Petitioner never raised the issue of exculpatory evidence during his guilty plea or sentencing. In fact, he declared to the court that he had decided to plead guilty because he was in fact guilty:

> **THE COURT**: DID YOU, WITHIN THE EASTERN DISTRICT OF NORTH CAROLINA, POSSESS WITH INTENT TO DISTRIBUTE 28 GRAMS OR MORE OF COCAINE BASE, THAT IS, CRACK AND A QUANTITY OF COCAINE AND A QUANTITY OF MARIJUANA AND DID YOU DO SO KNOWINGLY AND INTENTIONALLY?
>
> **DEFENDANT**: YES.

6

Case 5:14-cr-00181-F   Document 48   Filed 02/25/16   Page 6 of 7

**THE COURT**: AND WITHIN THE EASTERN DISTRICT OF NORTH CAROLINA, DID YOU KNOWINGLY POSSESS A FIREARM AND BEFORE YOU POSSESSED THE FIREARM THAT YOU HAD BEEN CONVICTED IN A COURT OF AT LEAST ONE PRIOR CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM IN EXCESS OF ONE YEAR, THAT IS, A FELONY, AND DID THE POSSESSION OF THE FIREARM, WAS IT IN OR AFFECTING COMMERCE?

**DEFENDANT**: YES.

*See* Arraignment Tr. at 32:4-16 [DE 38]. Accordingly, Petitioner cannot show ineffective assistance of counsel. *See United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (noting that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court") (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate [DE 45] is SUMMARILY DISMISSED. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.[6]

SO ORDERED.

This the 25 day of February, 2016.

JAMES C. FOX
Senior United States District Judge

---

[6] *See* 28 U.S.C. § 2253(c)(2); Rule 11(a), 2255 Rules.